# United States District Court

**EASTERN DISTRICT OF TEXAS**
**SHERMAN DIVISION**

| | | |
|---|---|---|
| XOME HOLDINGS LLC f/k/a SOLUTIONSTAR HOLDINGS LLC, A DELAWARE LLMITED LIABILITY COMPANY | § § § § | Civil Action No. 4:16-CV-00550-ALM Judge Mazzant |
| v. | § § § | |
| PETER DERBONNE and ERIC SWENSON | § § | |

## MEMORANDUM OPINION AND ORDER

Pending before the Court is Xome Holdings LLC's Motion to Compel Arbitration (Dkt. #24). The Court, having considered the relevant pleadings, finds the motion is granted.

## BACKGROUND

Xome Holdings LLC ("Xome") is a Delaware limited liability company headquartered in Lewisville, Texas, and has offices in four other states and in India. Xome provides technology and data enhanced solutions to homebuyers, home sellers, real estate agents, and mortgage origination and servicing companies. Peter Derbonne and Eric Swenson ("Defendants") are former executives of Title365 Company ("Title365"), a national title insurance and settlement services provider. On January 1, 2015, Xome acquired Title365's parent company, Experience 1, Inc. Following this acquisition, Title365 became a wholly owned subsidiary of Xome.

Leading up to this acquisition, Defendants negotiated their employment agreements with Xome over the course of a month. Defendants and their counsel exchanged at least four drafts of their employment agreements with Xome until the parties executed a final agreement on November 21, 2014, effective January 1, 2015. In the General section of the employment agreement, the parties agreed to an arbitration clause. The relevant portion provides:

> [T]he parties agree that any and all disputes that may arise in connection with, arising out of or relating to this Agreement, or any dispute that relates in any way, in whole or in part, to [Defendants'] services to the Company, the termination of such services or any other dispute by and between the parties hereto arising from such relationship shall be submitted to binding arbitration in Dallas, Texas according to the National Employment Dispute Resolution Rules and procedures of the American Arbitration Association.

(Dkt. #24, Exhibit 1 to Exhibit B at p. 13).

On July 11, 2016, Defendants filed a complaint against Xome in the California Superior Court for the County of Orange (the "California Case") for breach of contract, failure to pay wages, wrongful termination, and other claims related to their employment. On July 22, 2016, Xome filed a Complaint to Compel Arbitration Pursuant to Respondents' Arbitration Agreements (Dkt. #1). The only named Plaintiff is the Delaware LLC Xome and the only named defendants are California citizens Peter Derbonne and Eric Swenson.[1] On August 1, 2016, Xome filed an ex parte application to stay the California Case. On August 3, 2016, the California Superior Court for the County of Orange granted the stay until this Court rules on the motion to compel arbitration (Dkt. #7, Exhibit I). On September 13, 2016, Defendants filed a Motion to Dismiss Petition to Compel Arbitration (Dkt. #7), challenging this Court's jurisdiction.[2] On December 29, 2016, the Magistrate Judge issued a Report and Recommendation denying the motion to dismiss (Dkt. #21). On January 27, 2017, the Court issued a Memorandum Adopting the Report and Recommendation (Dkt. #22).

---

[1] The Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332 because the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different states. The parties are completely diverse for purposes of diversity jurisdiction—Defendants are citizens of California and Xome is a Delaware LLC with its members domiciled in Texas. *See Harvey v. Grey Wolf Drilling Co.*, 542 F.3d 1077, 1080 (5th Cir. 2008) (holding that in the Fifth Circuit, "the citizenship of a LLC is determined by the citizenship of all of its members").

[2] The pending California Case does not prevent this Court from compelling arbitration. The Supreme Court has held that a pending state court action "is no bar to proceedings concerning the same matter in the Federal court having jurisdiction," and "federal courts have a 'virtually unflagging obligation . . . to exercise the jurisdiction given them.'" *Moses H. Cone Memorial Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 15 (1983) (quoting *Colo. River Water Conservation Dist. v. United States*, 424 U.S. 800, 817 (1976)).

On March 24, 2017, Xome filed this Motion to Compel Arbitration (Dkt. #24). On April 7, 2017, Defendants filed a response (Dkt. #25). On April 14, 2017, Xome filed a reply (Dkt. #26).

## LEGAL STANDARD

"The Federal Arbitration Act ("FAA") expresses a strong national policy favoring arbitration of disputes, and all doubts concerning the arbitrability of claims should be resolved in favor of arbitration." *Wash. Mut. Fin. Group, LLC v. Bailey*, 364 F.3d 260, 263 (5th Cir. 2004). The FAA, "leaves no place for the exercise of discretion by a district court, but instead mandates that district courts shall direct the parties to proceed to arbitration on issues as to which an arbitration agreement has been signed." *Dean Witter Reynolds, Inc. v. Byrd*, 470 U.S. 213, 218 (1985).

When considering a motion to compel arbitration, the Court must address two questions. *Graves v. BP America, Inc.*, 568 F.3d 221, 222 (5th Cir. 2009) (citing *Fleetwood Enterprises Inc. v. Gaskamp*, 280 F.3d 1069, 1073 (5th Cir. 2002)). "First, whether there is a valid agreement to arbitrate, and second, whether the dispute in question falls within the scope of the arbitration agreement." *Id.* Concerning the first question of contract validity, the Court should apply "ordinary state-law principles that govern the formation of contracts." *Id.*, 568 F.3d at 222 (citing *First Options of Chicago, Inc. v. Kaplan*, 514 U.S. 938, 944 (1995)). The second question of scope is answered "by applying the 'federal substantive law of arbitrability . . . .' " *Id.* (quoting *Mitsubishi Motors Corp. v. Soler Chrysler-Plymouth, Inc.*, 473 U.S. 614, 626 (1985)).

## ANALYSIS

The Court must first determine whether there is a valid agreement to arbitrate applying ordinary state-law principles that govern the formation of contracts. *Graves*, 568 F.3d at 222. "In applying state law, however, due regard must be given to the federal policy favoring arbitration."

*Webb v. Investacorp, Inc.*, 89 F.3d 252, 258 (5th Cir. 1996). "In determining whether the parties agree to arbitrate a certain matter, courts apply the contract law of the particular state that governs the agreement." *Wash. Mut. Fin. Grp., LLC v. Bailey*, 364 F.3d 260, 264 (5th Cir. 2004). Here, the employment agreement explicitly states, in all caps, the parties agree to "irrevocably submit[] to the exclusive jurisdiction of the state and federal courts located in Denton County in the State of Texas for the purposes of any suit, action or other proceeding arising out of th[e] agreement[s] for which recourse to the Courts is provided for under [the] agreement[s] or applicable law." (Dkt. #24, Exhibit 1 to Exhibit B at p. 13). The Court finds Texas contract law applies.[3]

Xome argues that the employment agreements expressly and unambiguously require the parties to arbitrate "any and all disputes that may arise in connection with, arising out of or relating to this Agreement . . . the termination of [Defendants'] service [to Xome]," and "any and all claims that may arise . . . under . . . state labor statutes and regulations." (Dkt. #24, Exhibit 1 to Exhibit B at 13). Defendants argue that the Court should deny Plaintiff's motion because California state law prohibits the enforcement of the arbitration agreement.

Defendants' primary argument is that the arbitration agreement is unconscionable. Under Texas law, arbitration agreements may be either substantively or procedurally unconscionable, or both. *Royston, Rayzor, Vickery & Williams, LLP v. Lopez*, 467 S.W.3d 494, 499 (Tex. 2015). Here, Defendants argue that the employment agreements are procedurally unconscionable because they "were provided a form agreement as a condition of employment with Xome" and it was "presented as a take it or leave it manner with regards to the arbitration provision" (Dkt. #25 at 12). But Texas

---

[3] Defendants argue that California state law should apply because Defendants live and work in California and should be protected under California labor laws. But Defendants offer no reason for the Court to not enforce the choice of law provision. Defendants would have to show that Texas "has no substantial relationship to the parties" or "application of the law of [Texas] would be contrary to a fundamental policy of a state which has materially greater interest than [Texas]. *Cardoni v. Prosperity Bank*, 805 F.3d 573, 581 (5th Cir. 2015). Defendants have made no such showing. Further, as discussed below, Defendants' unconscionability argument fails under California law as well.

law requires the party seeking to avoid arbitration to "prove more than that the contract was offered on a take it or leave it basis." *Service Corp. Int'l v. Lopez*, 162 S.W.3d 801, 809 (Tex. App.— Corpus Christi 2005, no pet.) (citing *In re Halliburton Co.*, 80 S.W.3d 566, 572 (Tex. 2002)). Further, Defendants admit they "negotiated some of the terms of the employment agreement" (Dkt. #8 at 11). Texas law requires unfair surprise or oppression for the Court to find procedural unconscionability. *In re Palm Harbor Homes, Inc.*, 195 S.W.2d 672, 679 (Tex. 2006). "Absent fraud, misrepresentation, or deceit, a party is bound by the terms of the contract he signed, regardless of whether he read it or thought it had different terms." *In re McKinney*, 167 S.W.3d 833, 835 (Tex. 2005). The "only cases under Texas law in which an agreement was found procedurally unconscionable involve situations in which one of the parties appears to have been incapable of understanding the agreement." *Micheletti v. Uber Techs., Inc.*, 213 F. Supp. 3d 839, 848 (W.D. Tex. 2016) (citing *Fleetwood Enters., Inc. v. Gaskamp,* 280 F.3d 1069, 1077 (5th Cir. 2002)). Here, there is no evidence of fraud, misrepresentation, or deceit. Thus, the Court finds the arbitration clause is not procedurally unconscionable.

Defendants also argue that the arbitration clause's requirement to arbitrate in Dallas, Texas is substantively unconscionable because of the speculative cost of travel. But this argument is without merit. First, Defendants argue that California law governs the agreements, which would preclude this Court from finding unconscionability. *See In re Media Arts Grp., Inc.*, 116 S.W.3d 900, 911 (citing *Little v. Auto Stiegler, Inc.*, 63 P.3d 979, 983 (Cal. 2003)) ("For an arbitration agreement to be found unconscionable under California law, it must be *both* procedurally and substantively unconscionable."). Second, courts in the Fifth Circuit have rejected such arguments.[4] For example, in *Micheletti*, Texas plaintiffs argued that their arbitration agreement

---

[4] Texas state courts are in accord. *See Hale-Mills Constr. Ltd. v. Willacy Cty.*, No. 13-15-00174-CV, 2016 WL 192133, at *7 (Tex. App.—Corpus Christi, Jan. 14, 2016) (citing *In re Olshan Found. Repair Co., LLC,* 328 S.W.3d 883, 893–

with a California employer was substantively unconscionable because arbitration would subject plaintiffs to "hefty fees of a type they would not face in court." 213 F. Supp. 3d at 848. The court rejected this argument, finding that plaintiffs' "claims are entirely speculative; they *might* be subjected to paying significant forum fees." *Id.* The court determined it "may not speculate as to what fees or awards plaintiffs will incur at arbitration. Indeed, plaintiffs may not incur any arbitration costs at all." *Id.* The court concluded that "[t]he plaintiffs have not satisfied their burden of establishing significantly greater costs than plaintiffs would incur in litigation." *Id.* Here, as in *Micheletti*, Defendants have not met their burden of establishing arbitration carries "significantly greater costs" than litigation, and the Court may not speculate as to whether Defendants may incur any arbitration cost at all. *Id.* This deficiency alone defeats Defendants' claim of substantive unconscionability. Further, the arbitration clause provides that the prevailing party is entitled to "reasonable attorneys' fees, costs, and necessary disbursements in addition to any other relief to which he or it may be entitled." (Dkt. #24, Exhibit 1 to Exhibit B at 13). This fee shifting provision supports Plaintiff's contention that the arbitration clause is not unconscionable. The Court finds that the arbitration agreement is neither procedurally nor substantively unconscionable.

The Court finds that the parties' agreement to arbitrate is valid and enforceable. The second step of the Court's analysis is to determine the arbitration clause's scope by applying the federal substantive law of arbitrability. *See Mitsubishi*, 473 U.S. at 626. Defendants seek to resolve claims arising under their employment agreements and relating to their terminations. The arbitration clause requires the parties to submit to arbitration "any and all disputes that may arise in connection

---

95 (Tex.2010)) ("[Defendant] made no attempt to prove how high the actual fees involved would be, what the cost differential would be between arbitration and litigation, the reasons why arbitration would be burdensome on the [Defendant], or that the [Defendant] would be financially incapable of paying arbitration fees. This type of evidence is essential for proving substantive unconscionability.").

with, arising out of or relating to this Agreement . . . the termination of [Defendants'] service [to Xome]," and "any and all claims that may arise . . . under . . . state labor statutes and regulations." (Dkt. #24, Exhibit 1 to Exhibit B at p. 13). The employment-related claims brought in the California Case, including breach of contract, failure to pay wages, and wrongful termination, fall within the broad scope of the arbitration clause.

Defendants spend a considerable portion of their briefing arguing that California state law prohibits parties from submitting California employment disputes to arbitration. This line of argument is flawed for multiple reasons. First, questions of arbitrability are determined under federal law. *See Mitsubishi*, 473 U.S. at 626. Second, the Court finds Texas—not California—law applies to the employment agreement. Finally, the FAA preempts state law. *Southland Corp. v. Keating*, 465 U.S. 1, 10 (1984) ("We see nothing in the Act indicating that the broad principle of enforceability is subject to any additional limitations under State law."). The Court finds this action falls squarely within the plain language of the arbitration clause. Because no federal statute or policy renders Defendants' claims nonarbitrable, the Court finds the parties should resolve their disputes in arbitration pursuant to their agreement and the strong national policy favoring arbitration of disputes under the FAA. *See Bailey*, 364 F.3d at 263.

## CONCLUSION

For the reasons set forth above, the Court concludes that Defendants' allegations are arbitrable and are within the scope of a valid arbitration agreement between Plaintiff and Defendants.

It is therefore **ORDERED** that Xome Holdings LLC's Motion to Compel Arbitration (Dkt. #24) is hereby **GRANTED**.

**SIGNED this 2nd day of June, 2017.**

_____
AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE